KNOX v. NOBEL.

(Supreme Court, Special Term, New York County. January 8, 1894.)

1. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—COLLATERAL ATTACK.
   A decree granting letters of administration to an infant is void, and may be attacked on that ground in a collateral proceeding.

2. SAME—ACTION IN INDIVIDUAL CAPACITY TO DISAFFIRM CONTRACT.
   Where an infant to whom letters of administration were granted executed a transfer of property of the estate, he may, after attaining majority, sue individually to disaffirm the contract, in order to protect himself from liability for damages to the transferee, sustained by reason of plaintiff's want of authority.

Action by Katherine L. Knox against Henry Nobel to rescind a contract. Defendant demurs to the complaint. Overruled.

Lucien Birdseye, for plaintiff.
Henry Kropf, for defendant.

INGRAHAM, J. The defendant demurs to the complaint upon two grounds: (1) That the plaintiff has not the legal capacity to sue, in that the cause of action alleged in the complaint, if any, is vested in and belongs to the personal representative of Henry Niesterman, deceased; (2) that the complaint does not state facts sufficient to constitute a cause of action.

---

The objection that there is a defect of parties defendant is not taken; and, if such defect exists, it is waived. Code, § 499. The question to be determined on this demurrer, therefore, is whether or not the complaint alleges facts sufficient to constitute a cause of action in favor of this plaintiff, individually, against the defendant. The complaint alleges, in substance, the following facts: That the plaintiff was the widow of Niesterman, who died several years ago; that, at the time she was an infant, she applied for and obtained letters of administration upon his estate, and as such administratrix executed an instrument which transferred to the defendant all of the interest of her husband, whose administratrix she claimed to be, in and to a certain business which had, prior to his death, been conducted by the husband of the plaintiff and the defendant as co-partners. The plaintiff alleges such infancy; alleges facts tending to show that fraud had been committed upon the plaintiff, by which she was induced to execute such agreement; alleges the invalidity of the agreement by reason of her infancy at the time, and also because of the fraud complained of; and asks to have the agreement rescinded. The question is whether or not the letters of administration issued by the surrogate to the plaintiff when she was an infant conferred any authority upon the plaintiff to act as administratrix; in other words, whether or not such letters were actually void when they attempted to constitute a person who was incapable of becoming an administrator such administrator. The defendant claims that, the surrogate having, by the granting of the letters to the plaintiff, adjudicated all of the facts necessary to sustain the granting of such letters, such adjudication is conclusive, not only as to the fact that he was required to determine,—as to whether or not he would grant letters upon the estate of the deceased,—but also as to the competency of the person appointed administrator to act, and that such decision cannot be attacked collaterally. This principle is now well established in this state, so far as applies to any fact that was necessary to be adjudicated upon by the surrogate after he had acquired jurisdiction of the parties to the proceeding and of the subject-matter, and I think, clearly, it applies, so far as it affects the relationship of the proposed administrator, and his right under the statute to receive letters. That, however, is not the question here. It is whether or not a person who was deemed by the law incapable of action or making any contract can be, by a decree of the surrogate, clothed with full power to act. Suppose, for example, that the surrogate had issued letters to a person who had died before the letters were issued, but whose death was unknown to the surrogate; could it be claimed for a moment that any letters of administration upon the estate had been granted? Or suppose that the surrogate had issued letters constituting a person judicially declared to be insane administrator of an estate; could it be claimed that those letters were valid, and that the estate was bound by any act of the lunatic, because he was acting as executor or administrator? And in what respect does the power of an infant to act, either individually or in a representative capacity, differ from that of a person judicially declared a lunatic? It is a general

principle that offices where judgment, discretion, and experience are essentially necessary to the proper discharge of the duties they impose—offices of pecuniary and public responsibility—cannot be held by infants; so, an infant cannot be appointed an administrator or an executor. See 10 Amer. & Eng. Enc. Law, p. 615, and cases there cited. The case of Carow v. Mowatt, 2 Edw. Ch. 58, was a case where the widow, who was an infant, was appointed administratrix of her deceased husband's estate; and the vice chancellor seemed to assume that the appointment was void, saying:

"The appointment may, from personal disability, have been irregular and void; but after such disability is removed, if he will continue to hold the office and act in the trust, a court of equity, regarding him as trustee, will compel him to account for his receipts after the time of arriving at full age, although no account will be directed in respect to the assets which came to his hands during infancy,"—citing Hindmarsh v. Southgate, 3 Russ. 324.

It would seem to me that the appointment of an infant is absolutely void, not because of any defect in the proceedings by which the appointment was made, or the absence of any facts that the surrogate was required to determine to justify the issuing of letters, but because the person designated to act as administrator was incapable by law from acting. His act would not bind him individually, and therefore cannot be held to bind the estate. He could not be compelled to account for money that came into his hands during infancy, (Carow v. Mowatt, supra;) and it would seem to me to follow that, the granting of letters being void when granted, in order to constitute the person administratrix, a new appointment was necessary after the disability had been removed; and that would follow from the ground upon which the vice chancellor, in the case above cited, placed the liability of the person appointed administrator for moneys received by him after he became of age. It was not that he was liable as administrator, but because the court of equity would fasten a trust upon him for the moneys that he had received when he was of age, where he assumed to act as administrator without authority. See, also, Hindmarsh v. Southgate, 3 Russ. 326. I think, therefore, in this case, that no valid letters of administration were issued upon the estate of the deceased, and, so far as appears, there is now no legally appointed administrator of this estate. That being so, what is the condition of the parties? The plaintiff, while an infant, made a contract by which she assumed to act as administrator of an estate of which she was not such administrator, and received, upon the execution of that contract, a sum of money from the defendant. I think it clear that had she been an adult, and capable of making a valid contract, and had assumed to act as executor without authority, she would have been personally liable for any injury that the person with whom she contracted sustained by reason of her want of authority; so that, but for her infancy, she would be individually liable to the defendant in case the contract that she attempted to make as administrator was illegal because of her want of authority to act. Such being the case, upon her arrival of age, or within a reasonable time thereafter, she was bound to disaffirm that contract; and she now individually

comes into court, and asks that that contract be declared invalid, both on account of infancy at the time it was made, and because she was induced to execute it by fraud.   It seems to me that she has a cause of action, as an individual, to have that contract declared to be invalid.   The estate has no interest in the question whether or not she, (the plaintiff,) as an individual, is liable to the defendant for any damage sustained by him because she was not what she pretended to be, namely, the administratrix of that estate. Upon the death of one of the partners, the property of the partnership vested in the surviving partner.   The personal representative of the deceased partner did not become the owner of any portion of the copartnership property.   He had a right to apply to a court of equity to compel the surviving partner to account for the property that came into his hands, and to pay such representative the share of the deceased partner after the payment of debts.   Such relief cannot be obtained in this action, because the personal representatives of the deceased are not parties to the action; but there is, I think, as before stated, a good cause of action in the plaintiff when she asks the court to adjudge that this contract which she made, by which she attempted to act as administrator of the estate, but which was void, as such administrator, because she was not the legally appointed administrator, be declared void as to her individually, and to impose no obligation or liability upon her.   I think, therefore, that the demurrer must be overruled, and judgment ordered for the plaintiff, with costs, with leave to the defendant to withdraw the demurrer, and answer over within 20 days, upon payment of costs.